# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0008, <u>In the Matter of Jennifer Juri and Michael Juri</u>, the court on October 12, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Jennifer Juri (wife), appeals a final decree issued by the Circuit Court (<u>Boyle</u>, J.), following a hearing, in her divorce from the respondent, Michael Juri (husband). On appeal, the wife challenges the trial court's decision to adopt a parenting plan that provides the husband with certain unsupervised parenting time of their son. We affirm.

In determining parental rights and responsibilities, the trial court is guided by the best interest of the child, and is afforded wide discretion. <u>See</u> RSA 461-A:2, :6 (2018 & Supp. 2020). Accordingly, "[w]hen reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>Id</u>. (quotation omitted). "The trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." <u>Id</u>. "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." <u>Id</u>. "Indeed, resolution of the best interests of a child depends to a large extent upon the firsthand assessment of the credibility of witnesses, and the findings of the trial court are binding upon this court if supported by the evidence." <u>Id</u>. "To the extent an appealing party argues that the trial court committed error involving questions of law, we review such issues <u>de</u> <u>novo</u>." <u>Id</u>.

We first consider the wife's argument that, in adopting the parenting plan, the trial court erred by finding that she suffered from an addiction to marijuana. She contends that, because this finding is not supported by evidence in the record, the trial court unsustainably exercised its discretion by considering it. We disagree.

Contrary to the wife's argument, the trial court did not find that she suffered from an "addiction" to marijuana. Rather, the trial court found that she

"has substance abuse issues of her own," and that she "uses marijuana." This finding is consistent with the wife's testimony, in which she stated that she uses marijuana, that she "will have some in the evening to unwind sometimes," that she does so while her son is asleep in the home, and that she "see[s] no problem with that." She also acknowledged that she had used cocaine when she was younger, but has not done so since.

Although the wife also argues that the trial court erred because it "rebuked" only her for using marijuana, and "overlooked" the husband's substance abuse, the record demonstrates that this was not the case. Indeed, the bulk of the hearing was devoted to issues related to the husband's substance abuse, and, in its narrative order, the trial court recognized that those issues are central to the dispute. Moreover, at the hearing, and again in its narrative order, the trial court admonished both parties — not only the wife — for their substance abuse:

> As was mentioned by the Court near the end of the Hearing, the Court has concerns about both parents' habits with regard to drinking, using marijuana, and smoking cigarettes in front of or near [the child]. These habits are unhealthy for the parents and non-conducive to a healthy living environment for [the child]. The Court will not order it now, but each parent should seek some counseling for their respective issues. Otherwise, as [husband's counsel] suggested, Ex Parte or Contempt Hearings could be in their futures, and possibly, [New Hampshire Division for Children, Youth and Families] issues or even criminal charges.

Accordingly, we conclude that the trial court did not err when it found that the wife "has substance abuse issues of her own," nor when it considered both parties' substance abuse issues in adopting the parenting plan. See RSA 461-A:6, I(m) (providing that, when determining parental rights and responsibilities, courts may consider any factor deemed relevant).

Next, we consider the wife's argument that the trial court unsustainably exercised its discretion by adopting a parenting plan that provided for "an equal parenting schedule," without "safeguards for the child's [well-being] while in the care of an individual with a documented history of alcohol abuse." She contends that the plan "does not so much as prohibit [the husband] from consuming alcohol while the child is in his care." We disagree.

The wife's arguments notwithstanding, the trial court did not order equal parenting time, and did provide safeguards in order to protect the child's well-being. With respect to parenting time, the plan provides that the husband has parenting time "every Tuesday and Thursday evening from 5:00 PM to 7:00 PM," with "the option of having overnight parenting time from 5:00 PM until the beginning of school[,] provided he gives [the wife] 24 hours' notice that he is going

to be exercising overnight parenting time." The plan also provides that the husband has parenting time "every other weekend from 8:00 AM on Saturday until 5:00 PM on Sunday." Although the parenting plan provides for approximately equal parenting time during holidays and vacations, it is clear, as a general matter, that the wife was awarded the majority of the parenting time. With respect to safeguards, the parenting plan contains an order that "[n]either parent shall permit the child[] to be subjected to persons abusing alcohol or using illegal drugs," which "includes the abuse of alcohol or illegal drugs by the parent." Further, the plan also contains an order that "[n]either parent shall excessively consume alcohol or consume illicit drugs, including marijuana."

Although the wife proposed placing numerous additional conditions upon the husband's entitlement to, and exercise of, his parenting time — many of which would have vested her with considerable authority and discretion — the trial court was not obligated to adopt those conditions. As explained above, the trial court is afforded wide discretion in developing a parenting plan that is in the child's best interest. See RSA 461-A:2, :6; Kurowski, 161 N.H. at 585. Moreover, in so doing, the court's discretion "necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses." Kurowski, 161 N.H. at 585. In this case, the trial court may well have credited the husband's testimony that he has moderated his drinking, that he is capable of abstaining during his parenting time, and that the parties need finality in the form of a set parenting schedule and established boundaries. Cf. In re J.H., 171 N.H. 40, 51 (2018) (observing that "parents are presumed fit until they are found to be abusive, neglectful, or otherwise unfit to perform their parental duties").

In any event, the trial court observed that it "has no doubt that both parents love [the child] and vice-versa," and found that "it will be in [the child's] best interest to enjoy as much parenting time as possible with each of his parents." This finding is not only supported by the evidence, but it is also consistent with the principle, codified in RSA chapter 461-A, that "children do best when both parents have a stable and meaningful involvement in their lives." RSA 461-A:2, I. Indeed, the stated policy underlying RSA chapter 461-A is to, among other things, "[s]upport frequent and continuing contact between each child and both parents," and "[e]ncourage parents to share in the rights and responsibilities of raising their children after the parents have separated or divorced." Id. at I(a), (b).

Accordingly, based upon our review of the record, and for the reasons set forth above, we conclude that the trial court did not unsustainably exercise its

3

discretion in making the disputed factual findings, and in adopting the parenting plan.  See <u>Kurowski</u>, 161 N.H. at 585.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<b>Timothy A. Gudas,<br>Clerk</b>